## NUSSBAUM v. ATLAS LAUNDRY CO., Inc.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4402.

1. **Evidence ⊕⇒474(8)—Exclusion of opinion testimony as to speed of truck which struck plaintiff held prejudicial error.**

In action for injuries from being run down by truck at street intersection, exclusion, for want of sufficient qualification to express opinion of testimony of insurance solicitor as to speed of truck, *held* prejudicial error.

2. **Evidence ⊕⇒474(8)—Person of ordinary intelligence is presumed competent to express opinion as to speed of automobile.**

Person of ordinary intelligence and experience in ordinary affairs is presumed competent without special qualification to express opinion as to speed of moving automobile.

3. **Evidence ⊕⇒99, 498½—Judge has discretion to be exercised without prejudice to litigant as to what testimony tends to establish an ultimate fact, or whether witness is qualified.**

Trial judge has certain discretion in determining what testimony has tendency to establish an ultimate fact, or whether witness is qualified to express opinion; but such discretion must be exercised without prejudice to litigant.

4. **Automobiles ⊕⇒246(3)—Instruction on presumption under statute as to reasonableness of speed held improperly denied.**

In action for injuries from being run down by truck at street intersection in closely built-up section of city, instruction that under state statute speed in closely built-up portion of city greater than 15 miles an hour was presumptive

evidence of a rate greater than was reasonable *held* improperly denied.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Action by Abraham Nussbaum against the Atlas Laundry Company, Inc. Judgment for defendant, and plaintiff brings error. Judgment reversed.

Robert S. Alcorn, of Cincinnati, Ohio (William Thorndyke and Albert D. Alcorn, both of Cincinnati, Ohio, on the brief), for plaintiff in error.

John E. Shepard, of Covington, Ky. (Ben B. Nelson, of Cincinnati, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Plaintiff in error was run down by a truck of defendant at the intersection of Clinton and Central avenues in the city of Cincinnati. He sued for and was denied damages in the court below. Error is prosecuted upon two grounds: Refusal to admit evidence of the speed of the truck at the time of the accident from one of the two witnesses introduced by plaintiff on that subject; and failure specifically to charge the jury what rate of speed at the place of accident was presumptively reasonable under a statute of the state.

[1] The accident occurred about midday. Plaintiff introduced two witnesses as to the speed of the truck, one of whom testified. The other, Viner, was not permitted to testify, the ground therefor being, as stated by the court, that the witness had not been shown "to possess exceptional ability to estimate the speed of the automobile. And such judgment is one which requires exceptional ability through the common knowledge gained from the experience of us all." Proper avowals were made as to the witness' opinion of the speed, viz., 30 or 35 miles an hour.

[2] We think the ruling wrong. The witness was engaged in soliciting insurance in the city of Cincinnati. It would be contrary to common experience to assume that he had not had abundant opportunity of observing the movement of automobiles. Indeed, the automobile is so identified with the social and commercial life of this time that it is to be presumed that any person of ordinary intelligence from his experience in the ordinary affairs of life is competent without special qualification to express an opinion as to the speed of a moving automobile. Whether an opinion so formed is accurate is of course subject to the test of cross-examination, but it is none the less competent for what it is thought to be worth. State v. Auerbach, 140 N. E. 507, 108 Ohio St. 96; Johnston, Adm'r, v. Bay State R. Co., 111 N. E. 391, 222 Mass. 583, L. R. A. 1918A, 650; State v. Watson, 115 S. W. 1011, 216 Mo. 420; Dugan v. Arthurs, 79 A. 626, 230 Pa. 299, 34 L. R. A. (N. S.) 778, and authorities cited.

[3] The trial judge is admittedly accorded a certain discretion in determining what testimony has a tendency to establish the ultimate fact and whether a witness is or is not qualified to express an opinion as to the matter under investigation. Smelting Co. v. Parry, 166 F. 407, 92 C. C. A. 159. It is, however, a discretion to be exercised without prejudice to a litigant. This case is different from Rothe v. Penn. R. Co., 195 F. (6 C. C. A.) 21, 114 C. C. A. 627, where the exclusion was held nonprejudicial in view of the comparison made by the witness, which was "as beneficial to the plaintiff as an estimate by the witness of the speed in miles." Here there were but two witnesses to the speed of the truck, one for plaintiff and the other, the driver of the truck, for defendant. The testimony of Viner could not have been merely cumulative but must be regarded as highly important in view of the meager evidence on this point. We think the exclusion of it was prejudicial.

[4] Plaintiff complains of the refusal of the court on motion to instruct the jury as a fact that the accident occurred in a closely built-up section of the city. Under a state statute any rate of speed greater than 15 miles an hour in the business and closely built-up portions of a municipality is presumptive evidence of a rate greater than is reasonable. It was proved beyond question that this accident occurred in a closely built-up portion of the city. The request that the jury be so instructed was material because of the different rates applicable under the statute to business and closely built-up portions of a municipality and other sections thereof. The presumptively unreasonable rates should have been restricted in the charge to that applicable to closely built-up portions, and the jury should also have been told that the accident occurred at such a place. The judgment would not be reversed for this error alone, but as there must be another trial attention is called to it so that it will not recur.

Judgment reversed.